UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

GUCCI AMERICA, INC.; CHLOÉ SAS; and
ALFRED DUNHILL LIMITED,

              Plaintiffs,

   -against-

MYREPLICAHANDBAG.COM; WHOLESALE-
REPLICA.COM; REPLICA-WATCH-
TOWN.COM; TRADERINASIA CONSULTING
LLC; KELVIN CHO a/k/a KELVIN CHO YAW
COON a/k/a "CHO YAW KOON"; ABC
COMPANIES; and JOHN DOES,

              Defendants.

------------------------------------x

07 Civ. 2438 (JGK)

USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-8-10

## STIPULATION AND ORDER OF SETTLEMENT
## BETWEEN PLAINTIFFS AND NON-PARTY BANK OF CHINA

Plaintiffs Gucci America, Inc., Chloé SAS and Alfred Dunhill Limited (collectively, the "Plaintiffs") and non-party the Bank of China, through their undersigned attorneys, hereby stipulate as follows:

WHEREAS, Plaintiffs commenced the Action by the filing of a complaint on March 26, 2007 against defendants MyReplicaHandbag.com, Wholesale-Replica.com, Replica Watch-Town.com, TraderAsia Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw Coon, ABC Companies and John Doe (collectively, "Defendants"), alleging, *inter alia*, that Defendants were manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names and/or logos (the "Action"); and

**WHEREAS,** the Honorable Harold Baer, Jr. issued a Temporary Restraining Order and Order to Show Cause on March 26, 2007 providing for, *inter alia,* expedited discovery; and

**WHEREAS,** Plaintiffs motion to convert the Temporary Restraining Order into a Preliminary Injunction was granted on June 22, 2007; and

**WHEREAS,** the Honorable John G. Koeltl awarded Plaintiffs a default judgment in the amount of $4.3 million against Defendants on March 4, 2008 (the "Judgment"); and

**WHEREAS,** the March 4, 2008 Judgment provided that holders of assets of Defendants, including Bank of China, liquidate those assets and transfer the value of such assets to Plaintiffs' counsel in partial satisfaction of the Judgment; and

**WHEREAS,** on July 14, 2008, Plaintiffs filed an Order to Show Cause for a finding of civil contempt against Bank of China alleging that Bank of China had not fully complied with this Court's Judgment, and Bank of China opposed the application ("Plaintiffs' 2008 Motion"); and

**WHEREAS,** in an effort to fully and finally resolve the disputes raised in Plaintiffs' 2008 Motion, Plaintiffs and Bank of China entered into a Stipulation and Order of Settlement, So Ordered by the Court on December 17, 2008 (the "2008 Settlement"); and

**WHEREAS,** the 2008 Settlement provided for, *inter alia*: (i) Plaintiffs' 2008 Motion to be withdrawn with prejudice, (ii) Plaintiffs to release the Bank of China from any and all claims which have or could ever be brought in connection with or in any way related to the subject matter of the Action or the Plaintiffs' 2008 Motion, (iii) payment by Bank of China to Plaintiffs of a specified settlement sum, and (iv) Bank of China to comply with the terms set forth in a confidential side letter agreement between the parties, dated November 20, 2008 (the "November 2008 Side Letter"); and

**WHEREAS**, in the Spring of 2009 Plaintiffs alleged that Bank of China failed to fully comply with its obligations under the November 2008 Side Letter, and Bank of China disagreed. Thereafter, on May 22, 2009, Plaintiffs filed a Motion to Compel Compliance with Settlement Order against Third Party Bank of China ("Plaintiffs' 2009 Motion"), and on June 4, 2009, Plaintiffs served a subpoena upon Bank of China seeking the production of documents ("Subpoena"); and

**WHEREAS**, on July 2, 2009, Bank of China filed opposition to Plaintiffs' 2009 Motion and its own Motion to Quash Subpoena, or, in the Alternative, for a Protective Order, dated July 2, 2009 ("Bank of China's Motion"). Plaintiffs opposed Bank of China's Motion; and

**WHEREAS**, on August 14, 2009, the Court heard oral argument of Plaintiff's 2009 Motion and the Bank of China's Motion; and

**WHEREAS**, at the joint request of Plaintiffs and Bank of China, the Court has held Plaintiffs' 2009 Motion and the Bank of China's Motion in abeyance while the parties have attempted to narrow or resolve their disputes; and

**WHEREAS**, Plaintiffs and Bank of China wish to fully and finally resolve, without admission or adjudication of any issue of fact or law, any and all disputes between them arising out of the Action, Plaintiffs' 2008 Motion, 2008 Settlement, Plaintiffs' 2009 Motion, Bank of China's Motion, Plaintiffs' discovery requests of Bank of China and the Judgment. This Stipulation is entered into with the intent of Plaintiffs granting Bank of China "true finality" of the Action, that is that the Bank will not in the future be involved in this Action or any Judgment enforcement and/or collection efforts related to the Judgment in any manner whatsoever, including but not limited to requests for turnover or restraint of assets related to any Defendant or a non-party (for example, any account holder at Bank of China, regardless of whose name it is

in), or for any discovery request related to any Defendant or a non-party. The grant of "true finality" extends not only to this Action, but to any judicial proceeding commenced anywhere to directly or indirectly enforce or collect upon the Judgment, or to hold one of the Defendants or any other person liable for the conduct alleged in the complaint in this Action. For the avoidance of doubt, it is stated that the grant of "true finality" also applies to any pre-judgment restraint or other procedure or discovery request intended to, directly or indirectly, assist in the enforcement or collection of the Judgment. The grant of "true finality" to Bank of China shall apply to any person or entity that purchases or otherwise acquires or succeeds to Plaintiffs' interest in the Judgment. As used throughout this Stipulation and the accompanying Side Letter, the term "True Finality" shall be interpreted consistent with the parties intent as stated herein, with any ambiguity interpreted in such a manner as to leave Bank of China wholly and completely uninvolved from Plaintiffs' enforcement and collection efforts related to the Judgment, and not subject to discovery.

**NOW, THEREFORE**, in consideration of and in reliance on the definitions, recitals, covenants, understandings and obligations hereinbefore and hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and intending to be legally bound hereby, Plaintiffs and Bank of China agree as follow:

1. Plaintiffs' 2009 Motion and Bank of China's Motion are hereby withdrawn with prejudice.

2. Plaintiffs' Subpoena is withdrawn with prejudice.

3. Additional terms of this Settlement are set forth in a confidential letter agreement executed by counsel for Plaintiffs and Bank of China, dated January 5, 2010 (the "Side Letter").

4. In consideration of the foregoing, including the Side Letter, and as soon as possible after the filing of this Stipulation and Order, and in no event later than forty-five (45) days after such date, Bank of China shall remit to Gibson, Dunn & Crutcher, LLP, as counsel to Plaintiffs, three hundred thousand United States dollars (USD $300,000.00) (the "Settlement Sum"): (i) in final settlement of any and all claims that Plaintiffs could assert against Bank of China in connection with the Action, including but not limited to Plaintiffs' 2008 Motion, 2008 Settlement, Plaintiffs' 2009 Motion and the Judgment, and any and all requests for discovery, including but not limited to the Subpoena, and (iii) in consideration for the grant to Bank of China of True Finality, now and in the future.

5. This Stipulation may be executed in counterparts and/or by facsimile, each of which shall be deemed an original but all of which together shall constitute one and the same stipulation.

Dated: January 5, 2010

GIBSON, DUNN & CRUTCHER LLP

By: _____
Robert L. Weigel
Jennifer C. Halter
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Plaintiffs*

Dated: January 5, 2010

JONES DAY

By: _____
Mark R. Seiden
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939

*Counsel for Non-Party Bank of China*

The Clerk is directed to close all pending motions. This Stipulation and Order of Settlement is So ordered.

/s/ John G. Koeltl
1/7/10  U.S.D.J.

NYI-4240264v1

5

SO ORDERED:

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

Dated: _____